Informal Opinion No. 98-18 Gustave J. De Traglia, Jr., Esq. Village Attorney Village of New Hartford 1425 Genesee Street Utica, New York 13501
Dear Mr. De Traglia:
You have asked several questions regarding the eligibility of an individual to serve as the acting village justice. Under section3-301(2)(a) of the Village Law, if a village has only one justice, it is required to establish the position of acting village justice to serve when requested by the village justice or when the justice is absent or unable to serve. Any village may establish the position by resolution or local law, subject to permissive referendum. Village Law §3-301(2)(a).
Your first question is whether a person who is not a resident of the village, but is a resident of the town in which the village is located, may serve as acting village justice. Under section 3-300(2)(a) of the Village Law, the board of trustees may provide that an appointed village officer may reside in the county in which the village is wholly or partially located. Therefore, your village may enact a resolution authorizing an acting village justice to reside in the county and then appoint this candidate.
Second, you have asked whether a non-lawyer is eligible for appointment to the position of acting village justice. Village justices are not required to be admitted to practice law. NY Const, Art VI, § 20(a), (c). Justices of village courts who are not attorneys are required to undergo a course of training and education prescribed by the Legislature. Id., Art VI, § 20(c).
Finally, you inquire whether a village court clerk may also serve as acting village justice. Previously, we have concluded that a justice should not serve as court clerk for other justices. Op Atty Gen (Inf) No. 94-29 (copy enclosed). The position of clerk may be eliminated, however, and the justice may perform his or her own clerical duties. Id.
We conclude that a person who resides in the county in which a village is wholly or partially located may be made eligible to be appointed to the position of acting village justice. A village justice need not be an attorney, but is required to undergo the course of training required by the Legislature. A village justice may serve as his/her own clerk, but not as clerk for other justices.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General
In Charge of Opinions